UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Weddle and Patti Weddle,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Financial Group Incorporated,<br><br>Defendant. | Court File No.: _____<br><br>**Complaint**<br><br>**Jury Trial Demanded** |

## PARTIES

1. Scott and Patti Weddle are natural persons who live in Harris, Minnesota and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

2. Pinnacle Financial Group Incorporated is a debt collection agency incorporated in the state of Minnesota with registered office address of 7825 Washington Ave S, Suite 310, Minneapolis, MN 55439. Pinnacle regularly collects consumer debts and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

4.     Venue is proper in this District because the acts and transactions occurred here, the Weddles live here, and Pinnacle conducts business here.

## FACTUAL ALLEGATIONS

5.     The Weddles obtained a home loan and mortgage from Chase. The Chase account was used primarily for personal, family or household purposes. The Chase account is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6.     Sometime before May 25, 2010, the Chase account was placed with Pinnacle for collection.

7.     On May 25, 2010 at approximately 2:45 p.m., a Pinnacle collector called the Weddles. During the conversation, the collector told Scott that if he did not start paying, Pinnacle would take the Weddles' home.

8.     On June 2, 2010, at approximately 2:06 p,m., Pinnacle called the Weddles again. During this conversation, the collector again told Scott that if the Weddles did not make payment arrangements, Pinnacle would take their home.

9.     During one of their conversations, a Pinnacle collector told Scott that the Weddles should move out of their house now to save Pinnacle the trouble of taking them to court to get their house.

10.    Numerous times during his conversations with Pinnacle's collectors, Scott requested that Pinnacle stop contacting him by phone and only communicate with

2

him in writing. Pinnacle ignored these requests and continued to call the Weddles repeatedly.

11.  The Chase account is a second-priority mortgage that, upon information and belief, is not currently owned by Pinnacle. As such, Pinnacle has no legal ability to take the Weddles' home from them.

12.  Alternatively, if Pinnacle does "own" the account it is through an assignment of the debt and not through a negotiation of the note and assignment of the incident mortgage. Therefore, Pinnacle is not a holder of the note and cannot enforce any incident security interest.

13.  On July 9, 2010, a Pinnacle collector called the Weddles at approximately 8:01 p.m. During this conversation, the collector failed to meaningfully identify himself to Scott.

## Summary

14.  By telling Scott that Pinnacle would take his home if he did not make arrangements to pay the Chase account, Pinnacle's collector violated 15 U.S.C. §§ 1692e, e(2), e(5), e(10), and f(6).

15.  By failing to meaningfully disclose his or her identity in the July 9, 2010 conversation with Scott, Pinnacle's collector violated 15 U.S.C. §§ 1692d(6).

## TRIAL BY JURY

16.     The Weddles requests a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### Count I

*Violations of the Fair Debt Collection Practices Act*

17.     The Weddles repeat the preceding allegations.

18.     Pinnacle's attempts to collect a debt from the Weddles resulted in several violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., including, but not limited to, the specific provisions summarized above.

19.     As a result of Pinnacle's violations of the FDCPA, the Weddles are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

The Weddles ask that judgment be entered against Pinnacle:

1. For an award of actual damages under to 15 U.S.C. § 1692k(a)(1);

2. For an award of statutory damages of $1,000.00 under to 15 U.S.C. §1692k(a)(2)(A);

3. For an award of costs of litigation and reasonable attorney's fees under to 15 U.S.C. § 1692k(a)(3);

                                                             **THE TODD MURRAY LAW FIRM**

Date: May 5, 2011

*s/ Todd Murray*
Todd Murray (#347462)
Attorney for Plaintiff
800 Washington Ave N, Ste. 704
Minneapolis, MN 55401
todd@toddmurraylaw.com
(612) 284-4141 (phone)
(612) 605-1933 (fax)

(additional signature follows)

5

                                **CHRISTENSEN LAW OFFICE, PLLC**

Date: May 5, 2011

*s/ Carl Christensen*
_____

Carl Christensen (#350412)
Attorney for Plaintiff
800 Washington Ave N, Ste. 704
Minneapolis, MN 55401
carl@clawoffice.com
(612) 823-4427 (phone)
(612) 823-4777 (fax)

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Scott and Patti Weddle, being sworn, state that:

1. We are the Plaintiffs in this case.

2. We have read this Complaint and I believe that all of the facts contained in it are true, to the best of our knowledge.

3. We believe that this Complaint is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. We believe that this Complaint is not being brought for any improper purpose, such as to harass the Defendant, cause unnecessary delay, or create a needless increase in the cost of litigation to the Defendant.

5. We have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit we have provided to our attorneys that have been attached to this Complaint is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by our attorneys where appropriate, we have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

Date: May 5, 2011                                  *s/ Scott Weddle*
                                                   Scott Weddle

Subscribed and sworn to before me
this 5th day of May, 2011

*s/ Todd Murray*
Notary Public


Date: May 5, 2011                                  *s/ Patti Weddle*
                                                   Patti Weddle

Subscribed and sworn to before me
this 5th day of May, 2011

*s/ Todd Murray*
Notary Public